The cause was continued nisi for advisement, and now, at this term, the opinion of the Court was delivered by
Parsons, C. J.
[After stating the action and reciting the substance of the special verdict.] The two deeds in this case, executed on the same day, the latter referring to the former, and relating to the same transaction, must be considered as intended to effect the same contract, and must be construed together. The result of this joint construction is, that the grantor conveyed the close to the grantee in fee, reserving to himself an inheritance in the trees and timber, not only then growing, but which might thereafter be growing, in the close. This is the natural effect of the grantee’s agree ment that the grantor and his heirs should have all the trees and timber standing and growing on the close forever, and not merely those then standing, or which should be standing within a limited time; and of a perpetual license to cut and carry them away. The plaintiff having all the estate in the trees, timber and close, which the grantor had after the execution of these two deeds, he has an inheritance in the trees and timber, with an exclusive interest in the soil so far only as it may be necessary for the support and nourishment of the trees. 8 Co. 271.— Cro. Jac. 487. — 2 Roll. Abr. 455, l. 20.—11 Co. 46.
*239 * For cutting down and carrying away the trees, tres- [ * 268 ] pass undoubtedly lies. 2 Leon. 213, Hitchcock vs. Harvey.
But the defendant insisted that the plaintiff could not maintain trespass for breaking the close. Upon looking into the cases, we are satisfied that the plaintiff, having an inheritance in the trees, and an exclusive right in the soil of the close, as far as was necessary for their support and nourishment, may maintain trespass for breaking the close, as well as for cutting. It appears to be a principle of law well settled, that where a man has a separate interest in the soil for a particular use, although the right of the soil is not in him, if he be injured in the enjoyment of his particular use of the soil, he may maintain trespass quare clausum fregit; but not if his interest is in common with others. Thus this action lies for him who has the herbage, although not a right to the soil. Moor. 355, Hoe vs. Taylor. — Co. Lit, 4, b. — Dalison, 47.—Moor. 302. — Cro. Eliz. 421. But if he is entitled to a portion of the herbage for a particular part of the year, he cannot maintain this action, but may maintain an action of trespass for spoiling his grass. 2 Leon. 213. Vide also Yelv. 187, Dewclas & Al. vs. Kendall & Al.
The latest case on this subject is the case of Wilson vs. Mackreth, 3 Burr. 1824. The plaintiff had an exclusive right to take the turf in a several parcel of ground, in which, and in other parcels adjoin ing, he and the other tenants of the manor had common of pasture, the right of the soil being in the lord of the manor. The defendant dug and carried away peats in the place in question, and it was held that the plaintiff might maintain trespass quare clausum fregit against him. And the difference there taken is between exclusive rights and rights in common ; that if the plaintiff had only a common of turbary, trespass would not lie.
Upon the authority of this case, as well as the reasonableness of the principle, the plaintiff, in consequence of his inheritance in the trees, had such an interest in, although not the right of soil, that he may maintain trespass quare clausum fregit in this case, and must have judgment on the special verdict.