Lee and Wilde, for the tenant, were stopped by the Court, whose opinion was the next day delivered by
Sewall, J.
Benjamin King, father of the demandant and tenant, was entitled, in his lifetime, to two tracts of land, situate on the east and west sides of Sheepscut river, described and conveyed to him by boundary lines which include a part of the river, and of course by the legal operation of his title, the falls and bed of the river, with all permanent water privileges, wherever the river flowed between the tracts of land conveyed, or covering any part thereof. It is also stated in the exceptions, that upon these falls and water privileges, on the west side of the said river, the father in his lifetime had erected a saw-mill and grist-mill; and from the two deeds in the case, under which the parties claim exclusively of the other children and heirs of Benjamin King, deceased, it appears that a tract of land, also on the west side of the river, had been appropriated to these mills as a mill yard.
In these deeds the parties are recited to be the sons and heirs at law of the said deceased, and their evident intention is, and so it is stated in the exceptions, to make a partition and assignment of their father’s real estate, or of that part of it which lay upon Sheepscut river. For this purpose, Peter, the tenant, with Elijah and Benjamin, release to their brother, the demandant in this action, a lot of land situate on the west side of the river, and all their right to three fourths of the saw-mill standing at the great falls, &c., * and to three fourths of said mill privilege and yard; ex- [ * 499 ] cepting the privilege of the grist-mill, and so much of the jard as will accommodate the same, &c. And for the same purpose, Moses, the demandant, with the said Elijah and Benjamin, release to .their brother Peter, the tenant in this action, the lot of land on the east side of the river, describing it as extending by a line running north-west to the river, and thence down the river to the other bounds.
*418 These instruments are to be construed together; having been executed between the same parties, at the same time, and respecting the same subject matter, and therefore forming one instrument. And their most obvious import is a partition of the tracts of land adjoining Sheepscut river, belonging to the father; and an assignment of two parcels that lie on the western side to Moses, and of that on the eastern side to Peter; and the legal operation of this partition and assignment is, that the falls and bed of the river, and the water privileges, were alike divided and assigned, as parcel of the two tracts, which, after the partition, were to be considered as separated, so far as they lie opposite to each other upon the river, by a central line, or the thread of the river, as it is sometimes expressed.
But it is contended for the demandant, that the said mill privilege and yard, three fourths of which are released to him, included all the mill privileges which belonged to the father, as well those on the eastern, as those on the western side of the river. This construction militates entirely with the deed to Peter, which is without any exception or reservation to apply or answer the purposes of this construction. And it is certainly not a necessary construction ; for the words in question are fully satisfied by their application to the mill privilege and yard then known, appropriated and occupied for the use of the saw-mill and grist-mill; and, considering the exception following in immediate connection, it would be difficult, I" * 500 ] taking the deed to * Moses alone, to give to these words any other construction.
As to the motion for the admission of parole evidence, to control or aid in the construction, the Court are unanimous in the opinion that it was justly overruled at the trial. The evidence, if admitted, must have been employed upon a question of the legal construction and operation of a written contract, expressed without any reference to extraneous circumstances, or any latent ambiguity.

Judgment according to the verdict.