## MORRISON vs. KEEN.

Where one owning land through which a mill stream flowed,  granted all that part
of it which was  situated east and  north of the stream ;  it was held that the
boundary was the centre or thread of the  water.

IN this case, which was  a writ of  entry, it  appeared that the
tenant had mortgaged to the demandant a certain tract of  land in
Turner, being part of his homestead  farm,  and  "being all the
" land which he owned east and north of the mill-stream,"—" with
" all privileges and appurtenances."    Afterwards he conveyed
to John Keen, jr. all that part of the same lot "that lies on the

Morrison *v.* Keen.

" south and west side of said *Martin-stream*," being the mill-stream, and opposite to the first mentioned tract, " together with " all the mills and mill privilege on said lot," excepting certain portions of mills previously conveyed to third persons. And the question was, whether the first deed conveyed the land to the thread or channel of the stream, including a mill standing there ; or whether it extended only to the bank or margin of the water.

The Chief Justice, before whom the cause was tried, adopting the more enlarged construction, directed a verdict to be returned for the demandant, subject to the opinion of the Court.

*Fessenden*, for the tenant, contended that by the conveyance of the land north and east of the mill-stream, the stream itself was necessarily excluded ; for this term could not be taken to mean a mere invisible line, or *filum aquæ* ; but included the water necessary to carry a mill. And the land conveyed was that which laid north and east adjoining this boundary, which was obviously considered as a distinct portion of estate. The cases of *Lunt v. Holland*, and *King v. King* differ from this, because in them it is evident that the grantor intended to convey all the land he owned, which, it is equally clear in the present case, he did not.

*N. Emery* and *Belcher*, for the demandant, said that the meaning of the word " stream," as a boundary of land, was already fixed by legal decisions, as indicating the thread or centre of the water; by which the owners of adjoining opposite closes were uniformly bounded, unless the contrary was expressed in their deeds. *King v. King* 7 *Mass.* 496. *Lunt v. Holland* 14 *Mass.* 149. *Storer v. Freeman* 6 *Mass.* 435. *Hargr. tr.* 5. *Holt* 499. The only exception to this rule is the case of grants and cessions of territory among nations, in which sovereignty is concerned. 5 *Wheat.* 374—379.

MELLEN C. J. delivered the opinion of the Court at the adjournment of the ensuing *November* term in *Cumberland*.

Persons owning lands on opposite sides of a river and adjoining the same, own to the central line or thread of the river, as was decided in *King v. King* 7 *Mass.* 496. Land granted as bounded

by a river, extends to the thread of the river, unless from prior grants on the other side of the river, such a construction is negatived. So say the court in *Lunt v. Holland* 14 *Mass.* 149. These principles seem to be settled and familiar. In the case before us it appears that the tenant formerly owned lot No. 238, lying on both sides of a stream called *Martin*, or *Mill-stream*, and conveyed to the demandant all that he the tenant owned on the east and north side of the stream with all privileges and appurtenances; and about three years afterwards conveyed all that part of the lot lying on the south and west of said stream, (with one or two unimportant exceptions) to *John Keen*, Jr. From this statement it appears that the thread of the river must be the boundary line between the owners on the opposite sides of it, inasmuch as the river itself was constituted as one of the boundaries in each conveyance. The consequence is that there must be judgment on the verdict.