UTICA,
August, 1829.

Jackson
v.
McKenny.

JACKSON ex dem. Watson, *vs.* McKenny.

THIS was an action of ejectment, tried at the New-York circuit, before the Hon. WILLIAM A. DUER, one of the circuit judges.

The lessor of the plaintiff, Sarah Watson, by a deed of bargain and sale bearing date 9th January, 1809, for the consideration of $1000 expressed in the deed, granted to her sons John C. Watson and Joshua Watson, in fee a house and lot in Harrison street, in the city of New-York; and on the same day an instrument in writing, under seal, was executed by Sarah Watson and by John C. Watson, one of the grantees, reciting the deed and the intention of the parties that the grantor should hold and enjoy the property thereby conveyed, and take the rents and profits thereof during her natural life, and covenanting to abide by such agreement and understanding. On the 10th April, 1811, Sarah Watson executed a lease of the premises to John C. Watson for the term of ten years, reserving an annual rent of $300. On the 2d July, 1811, John C. watson executed a mortgage of the premises to Nicholas Gibert, to secure the payment of $2300, and on the 15th August, 1811, sold and conveyed the house and lot in question to Peter Allaire, by indenture of that date, containing the usual covenants; subject, however, to the mortgage executed to Gibert. The defendant deduced a regular title to him from Allaire. Joshua Watson, the co-grantee of John C. Watson, died, leaving his brother his heir at law. On this state of facts, a verdict was rendered for the plaintiff for a moiety of the premises, subject to the opinion of this court, whether the instrument under which the plaintiff claims is a good and valid instrument in the law.

*J. R. Headley,* for plaintiff, cited 1 Johns. C. 91 : 15 Johns. R. 458 ; 1 Burr. 60, 106 ; 1 Johns. C. 399 ; 3 Johns. R.

*Where a mother conveyed a house and lot to two sons in fee, and took back an instrument in writing of the same date, executed by one of the grantees under seal, declaring the intention of the parties to be, that the grantor should hold and enjoy the property, and receive the rents and profits thereof during her natural life and covenanting to abide by such agreement, it was held, that the deed and the instrument were parts of the same contract, and that the grantor had an estate for life in the premises.*

*The deed, being founded on a pecuniary consideration, might take effect in futuro ; and the defeasance being a part of the deed, and not a distinct instrument, the deed was valid and effectual as a covenant to stand seised to uses.*

*The instrument also might operate by way of exception or reservation in favor of the grantor.*

388 ; 2 Black. Comm. 298 ; Co. Lit. 225 ; 1 Burr. 290 ; Bull. N. P. 156 ; Cro. Jac. 399 ; 5 Cowen, 123.

*W. S. Sears,* for defendant, cited 1 Saund. 340 ; 1 Cowen, 639 ; 16 Johns. R. 515 ; 1 Saund. 191 ; Com Dig. tit. Uses, L. 1.

*By the Court,* SUTHERLAND, J. The plaintiff's right to recover depends entirely on the validity and effect of the defeasance of the 9th January, 1809, from John C. Watson to her. If that was a legal and valid instrument, she had a life estate in a moiety of the premises, and was entitled to recover accordingly. It is contended, on the part of the defendant, that this instrument cannot operate as a bargain and sale, for want of a pecuniary consideration ; (16 Johns. R. 515 ; 1 Cowen, 639 ; 3 Johns. R. 484 ; 16 Johns. R. 47 ;) and that if it can operate at all, it must be as a covenant to stand seised to uses, supported by the consideration of blood, derived from the deed in fee, which was executed at the same time : and that the trustee (the whole fee being in him by the decease of his brother) having conveyed to Allaire, *who had no knowledge of the trust,* the use was destroyed.

It has been repeatedly held that where two instruments are executed at the same time, between the same parties, and relating to the same subject matter, they are to be construed together, and considered as forming but one contract or agreement. This is a familiar doctrine in relation to mortgages and deeds of defeasance. It was fully recognized by Ch. J. Parsons, in *Holbrook* v. *Finney,* (4 Mass. R. 569.) It is there said, that where a vendor of real estate gives a deed and takes back a mortgage to secure the purchase money, at the same time, the deed and mortgage are to be considered as parts of the same contract, as taking effect at the same instant, and as constituting but one act, in the same manner as a deed of defeasance forms with the principal deed to which it refers, but one contract, although it be by a distinct and separate instrument. Upon this principle, a wife is not entitled to dower in lands purchased by her husband, when he gives a mortgage to secure the consideration money at the same time that he receives his deed. The deed and mortgage

are but one contract, and are construed as though they were embraced in the same instrument. Judge Spencer, in *Stow* v. *Tefft*, (15 Johns. R. 463,) observes, the substance of a conveyance, where land is mortgaged at the same time a deed is given, is, that the bargainor sells the land to the bargainee on condition that he pays the price at the stipulated time ; and if he does not, that the bargainor shall be re-seised of it, free of the mortgage ; *and whether this contract is contained in one and the same instrument, as it well may be, or in distinct instruments executed at the same instant*, can make no possible difference. In *Jackson ex dem. Trowbridge*, v. *Dunsbagh*, (1 Johns. Cas. 91,) the doctrine was distinctly advanced and maintained, that several deeds of the same date between the same parties, and relating to the same subject, may be construed as parts of one assurance.

Construing the deed from the lessor to her sons and the defeasance simultaneously executed by one of them to her, as one instrument, carrying into effect a single contract or agreement, as the preceding cases fully authorize us to do, it is manifest that it was the intention of the parties that the lessor should retain an estate for life in the premises, and that the grantee should have the fee, to take effect after the death of the grantor. The consideration expressed in the deed from the lessor is $1000 ; and it is abundantly settled that a deed of bargain and sale, founded on a pecuniary consideration, *to take effect in futuro*, is effectual. This point was expressly decided in *Jackson* v. *Dunsbagh*, (1 John. Cas. 91,) already cited, and in *Jackson* v. *Staats*, (11 Johns. R, 351,) *Jackson* v. *Swart*, (20 Johns. R. 87,) 4 Mass. R. 136, 2 Saunds. 96, n. 1, 4 Cruise's Dig. 185, 193. If the defeasance is to be considered a part of the deed, and not a distinct instrument, then the case of *Jackson, ex dem. Wood and others* v. *Swart*, above referred to, is precisely in point, to show that the deed was valid and effectual as a covenant to stand seised. (7 Coke, 133. 2 Strange, 934.) Nor do I perceive any objection to its operation, by way of exception or reservation, in favor of the grantor.

Judgment for plaintiff.