DaNiel, J.
The plaintiff contends, that the Judge should have charged the jury, that he was entitled to recover, if the defendant cut down on the said land pine trees or sap-lins,growing and progressing to timber, and which would in time become saw-mill timber, provided they had not been thus prematurely cut down. He insists, that he, as assignee had a title to such growing pine trees and saplins, under the reservation in Reed’s deed to Gee, “of oil the saw-mill pine timber on the same land standing and being, or which may hereafter stand or be on the said land.” It seems to us, however, that the reservation-in Reed’s deed, embraced only the saw-mill pine timber that was then standing, with a contingent use to him and his heirs and asssigns, to any pine timber standing on the land when it by growth had become fit for saw mill purposes. The reservation is not of all kinds of trees, but only of the pines, and not of all the pines, but only of saw mill pines. Whilst the pine trees were saplins were in an unfit state for saw-mill timber, they were apart of the residue of the inheritance, and might be used with that residue, by the owner of the same, in any manner he pleased. But when any of the trees and saplins by full growth became timber, fit to be used at the saw-mill, then there would be a cesser of estate in those trees, by the owner of the land, and an use in the said timber trees would spring up and vest in him, whoever he was, who could deduce .his *191 title under the said reservation; with a perpetual licence, enter and cut and carry away the timber; Clap v Draper, 4 Mass. R. 266, where much ot the learning on this subject is to be found. It could never have'been intended by Reed, when he made the reservation, that the 200 acre tract of land should be a perpetual plantation for the raising of pine timber for his benefit. But Reed in his deed, conveyed to Anderson and his heirs for ever,. “ the saw-mill timber only. ” The plaintiff has therefore only the interest that was in Anderson by force ofthedeed-from-the sheriff to E vans. It would seem that Evans only got what was then of full growth for timber; but, at all events, until'the pine trees became fit for saw mill timber, Reed or the plaintiff had no title in them. No use in the trees could, until then, spring up for his benefit. It seems to us that the plaintiff had no title- in the trees, that were cut by the defendant.
If he had, this action was the proper- one for his redress. See the above cited authority, and Brittain vs McKay,. 1 Ired.265.
Per Curiam, Judgment affirmed*