TRESPASS quare clausum fregit, brought by the plaintiffs to recover damages against the defendant for entering on the lands claimed by the said plaintiffs and cutting timber thereon. The plaintiffs proved that the defendant had entered upon the lands by them claimed within three years next before this suit commenced, and had cut timber thereon and carried it away, to the value of one hundred and two dollars. The defendant offered in evidence the last will and testament of Hugh Jones. The only material parts of this will are the follows: "To my eldest daughter, Eliza William Jones, I give the plantation on which I now live and cultivate, known by the name of the Lake Landing plantation, together with the mill, etc."
"I give to my daughter, Frances, the plantation and land I bought of Joseph Carrowan and brothers, and Peter Sermon. I also give her three hundred acres of the back land adjoining said Carrowan plantation, which my father gave me, and the land I bought of (518) Peter Sermon.
"I further will that my daughter Eliza W. Jones shall be entitled to all the wood of every description, to be taken off as suits her *Page 376 
convenience, of that tract of 300 acres of land bequeathed to Frances, most convenient, and adjacent to her plantation, lying west of Evans' land, and south of the Carrowan land."
The plaintiffs also proved that Eliza W. Jones, one of the devises in said will, intermarried with Alexander F. Gaston, and that she died in 1838, leaving issue, and her husband is still alive, and then offered in evidence the deed of said Alexander F. Gaston and wife, Eliza, to him, said defendant, duly proved and recorded, dated 3 December, 1835. By this deed the said Alexander and wife convey in fee a part of the land devised as aforesaid by the said Hugh Jones to his daughter, the said Eliza, to the defendant, "with the privilege of half the wood of every kind, standing on the lands, back of the Carrowan's and Sermon's tracts, and devised to Frances Jones (now Mrs. McCauley) in the last will of Dr. Hugh Jones, the right to take and dispose of which wood and timber on said land is reserved by the said last will to the said Eliza, now Eliza W. Gaston."
It appeared further in evidence, that Frances A. Jones, one of the devisees mentioned in said will, to whom there is devised a tract of land containing three hundred acres, on which the trespass was alleged to have been committed, intermarried with Daniel J. McCauley on or about the month of ............ A.D. 1831, and previous thereto executed a marriage settlement, conveying her real and personal estate to John W. Guion, as trustee; that said trustee had died, and that the plaintiffs were his executors. In this case it is further agreed that the suit was brought by the executors of John W. Guion, viz, Mary Guion and Haywood W. Guion, whose names are in the writ, and that the trespass alleged was committed in the life time of John W. Guion. It (519) is further agreed that the piece of land conveyed to Riley Murray's purchase from A. F. Gaston and wife, was held by A. L. Gaston and Eliza W. Gaston, claiming under the will of Hugh Jones, and by said Gaston sold to Murray, but touching its being a parcel or not of the "Lake Landing plantation," and whether it pass or not, under the devise relating thereto, the parties do not agree, the plaintiffs claiming that it does not pass, and the defendant that it does pass under that devise.
It is further agreed that the defendant, Murray, did take rails from the 300 acre tract for the 100 acre tract, which he purchased from A. G. Gaston, and also that the defendant took valuable timber for his own place, which he has held for many years, and which never was owned by Hugh Jones. It is further agreed that the whole of the 300 acre tract, the trees of which under the will of the said Eliza's father she had the right "to cut," lies west of the Evans land, and south of the Carrowan land — a piece of the Sermon land intervening. *Page 377 
It is further agreed that the trees were cut on the 300 acre tract as suited the convenience of the defendant.
The defendant, by his counsel, objected to the claim of the plaintiffs, for that the wood upon the said three hundred acre tract was devised by the said will unto the said Eliza; and that the said Eliza and her husband had conveyed unto him, the defendant, a good and indefeasible, title thereto. The jury found a verdict in favor of the plaintiffs for the sum of one hundred and two dollars, subject to the opinion of the court upon the points of law reserved, with an agreement that if the court should be of opinion that the law is with the defendant, the verdict should be set aside, and a non-suit entered.
Upon argument of counsel the court was of opinion in favor of the defendant, and set aside the verdict, and entered a nonsuit; from which judgment the plaintiff prayed an appeal to the Supreme Court, which was granted.
There is no doubt that Dr. Jones could devise that his daughter, Eliza, should be entitled to all the wood of every description to be taken off as suited her convenience from the tract of 300 acres of land bequeathed to Frances. The devise gave to Eliza all that portion of the vegetable kingdom, which grows on the land, or is of a woody or arborescent nature, with the liberty of ingress and egress to cut and carry it away. Robinsonv. Gee, ante, 186; Clap v. Draper, 4 Mass. 266. When any land or other real estate shall be devised by any person, the same shall be held or deemed to be a devise in fee, unless it be plainly intended by such will that an estate of less dignity was intended. Rev. Stat., ch. 122, sec. 10. The testator says in his will that Eliza shall be entitled to all the woodof every description. These words must give her a fee in the wood. From what land was Eliza to have the wood? We think it could not have been the intention of the testator to give Eliza all the wood growing on the whole tract, and so put it in her power to strip the whole tract of its wood, if she thought proper to do so. He must have intended his other daughter, Frances, to have some of the wood on this tract of land; and we think that he intended the greater portion of the said wood for her; for Eliza is directed by the will to take off her wood from that part of the said tract of land which is most convenient, and adjacent to her plantation, lying west of Evans' land, and south of the Carrowan land. The defendant, claiming under Eliza, has not, we think, transgressed the limits, to which, according to our construction of the will, he was entitled to go. We therefore *Page 378 
think he had a right to cut in the locus in quo, by force of the deed from Alexander Gaston and wife to himself, and that the judgment was right and must be.
PER CURIAM. Affirmed.
(521)