DANA CLOYES & Wife *vs.* HIRAM SWEETSER & others.

If two deeds or instruments are executed at the same time, between the same parties, and respecting the same subject, the terms of one of them may be considered in construing the other, if the terms of the latter are ambiguous.

Where a grantor conveyed " one undivided half of all the buildings that are situated on the homestead I now improve and occupy with the land under and about the same;" and on the same day, the grantee made a lease in writing, not sealed, to the grantor of " one half of all the buildings and land under and adjoining the same, situated in R., it being the homestead of the said grantor;" it was held, that the lease might be considered in construing the deed, and that by the deed an undivided half of the entire parcel upon which the buildings stood with the land immediately adjacent, all together constituting the homestead of the grantor, passed.

THIS was a petition for partition, which was submitted to the court upon an agreed statement of facts.

John Sweetser, by his deed dated September 10th, 1842, conveyed to the petitioners, with two other parcels of land, an estate in South Reading described as follows: " **One**

undivided half of all the buildings that are situated on the homestead I now improve and occupy with the land under and about the same."

On the same day, the petitioners made a lease, in writing, but not under seal, to John Sweetser, of several parcels of land therein described, " to hold for the term of his natural life, from this tenth day of September, yielding and paying therefor the rent of fifty dollars annually." The first parcel mentioned in this instrument was thus described : " One half of all the buildings and land under and adjoining the same situated in said South Reading, the north-westerly part thereof, it being the homestead of the said John Sweetser."

The premises described in the petition, which the petitioners claimed in virtue of the deed above mentioned, and of which they demanded partition, comprised the entire homestead of the grantor. The respondents, who were the owners of the residue of the estate not conveyed by the deed to the petitioners, objected that nothing more passed by the deed, than the land under the buildings, with perhaps a strip on the easterly side of the buildings sufficient for a passage way around them.

It was agreed, that for at least thirty years previous to the date of the deed, John Sweetser had been the owner of the premises described in the petition, which he had cultivated partly as tillage, and partly as mowing land, and had occupied the buildings as his residence. The estate comprised about four acres enclosed by a stone wall, and bounded on one side by a road leading from South Reading to Salem, on another side by a road leading from South Reading to Lynnfield, and on two other sides by land of other persons. A part of the premises was enclosed as a garden, and had always been used for that purpose. Another part was enclosed as a front yard to the dwelling-house. A part was separated from the rest, making a yard open to the street, and another part was enclosed and used as a barn yard.

*H. W. Smith*, for the petitioners.

*A. H. Nelson*, for the respondents.

DEWEY, J. The decision of this case, if it depended solely

upon the deed of John Sweetser to the petitioners for par-
tition, would present an embarrassing question of boundary,
as to the extent of the conveyance effected by that deed.
But other instruments, which were executed between the
same parties, at the same time, and respecting the same sub-
ject or estate, may well be considered in aid of the construc-
tion of any particular instrument, the terms of which are
ambiguous. *Clapp* v. *Draper*, 4 Mass. 266 ; *King* v. *King*, 7
Mass. 496 ; *Jackson* v. *M'Kenney*, 3 Wend. 233 ; *Jackson* v.
*Dunsbagh*, 1 Johns. Ca. 91.

Looking at the lease executed on the same day by Cloyes
to Sweetser, reconveying to him a life estate in the premises
thus conveyed to Cloyes, it seems very clear, that the con-
veyance, intended to be made by Sweetser to Cloyes and
wife, must have been of an undivided half of the entire parcel
upon which the house was situated, with the immediately
adjacent lands, all together constituting " the homestead,"
which is in accordance with the description in the lease.
There are strong reasons for adopting this construction of
the deed, arising from the want of any certainty of boundary
upon any other hypothesis. By the deed, it is certain, that
the buildings were embraced in the conveyance, together
with some land adjacent; but how much ? This by the
deed itself is left uncertain, and undefined in its extent. The
construction, which we adopt, and which we think author-
ized from the language of the two instruments, gives a def-
inite tract with precise boundaries. The parties to this deed,
knowing the situation of the premises, can hardly be sup-
posed to have had any other purpose, than to extend the
boundaries to the well-known monuments, the stone walls,
the roads, &c., surrounding the homestead ; as they have en-
tirely omitted any reference to other monuments or limits, as
to the extent of the land adjacent to the dwelling-house. In
this way, we give effect to the two instruments, and thereby
establish the boundary of the land conveyed by the deed of
Sweetser, as coextensive with the title alleged in the petition

*Judgment for petitioners.*