### John A. Putnam vs. John Tuttle.

A deed of land, *habendum* "with all the privileges and appurtenances to the same belonging excepting all the wood and trees on a certain island I reserve to the grantee his heirs and assigns forever," and concluding "it is to be understood that the wood above mentioned is reserved to the grantor and his heirs forever," reserves to the grantor an estate of inheritance in the wood and trees only then growing, with a right in the soil for their growth and nourishment, and the privilege of entering to take them away.

Action of tort for forcibly entering and cutting trees grow· ing on the island mentioned in a deed made in 1751 by Charles Tuttle, Jr. (under whom the defendant claimed), to Nicholas Woodbury (whose title the plaintiff had) with this habendum : " To have and to hold the said granted and bargained premises with all the appurtenances and privileges to the same belonging excepting all the wood and trees on a certain island in above-said meadow I reserve to the said Nicholas Woodbury his heirs and assigns forever to his and their only proper use bene-fit and behoof forever ; " and with this clause at the end of the deed, just before the signature : " It is to be understood that the wood above mentioned is reserved to Charles Tuttle Junior and his heirs forever." Most of the trees cut were not in existence in 1751. Upon the case above stated, the parties submitted the right of action and the rule of damages to the judgment of the court.

*S. B. Ives, Jr.*, for the plaintiff.

*D. E. Safford*, for the defendant.

Thomas, J. The question is what estate in the trees and the land on which they grew was reserved in the deed made by Charles Tuttle to Nicholas Woodbury in 1751. We think the reservation is of all the trees standing and growing upon the land when the deed was made, and of the use of the land for their growth and nourishment, and for cutting down and remov· ing them.

The direct reservation is of the wood and trees on a certain island. This is clear and definite, and refers only to the wood and trees then standing and growing. The latter clause, which operates as a habendum, makes no new grant, but shows the

tenure of that before made, that the wood and trees and the interest in the soil necessary for their growth are reserved to the grantor, not for his life, but in fee to him and his heirs forever — as if he had said, " I am to have the wood and trees now on the island in the meadow, but the right to take them is not personal to myself or limited to my life, but is also for my heirs."

A reservation of the right to the wood and trees forever growing on the land would be in effect a right in the soil itself for the growth and nourishment of trees so long and so far as it was used for that purpose.

The case at bar is distinguishable from that of *Clap* v. *Draper*, 4 Mass. 266, in which the grant was to Humfrey, his heirs and assigns, of " all the trees and timber standing and growing on said land forever, with free liberty for them to cut and carry away said trees and timber at all times at their pleasure forever." The court put particular stress upon the word " forever " as applied to " the trees and timber standing and growing on the close " — growing on the close forever, instead of those merely standing at the time.

What was reserved by the deed in this case was the wood then on the island, but without limit as to the time when it should be removed. The defendant therefore is liable for all trees cut, not standing and growing on the island in 1751.

*Case referred to an assessor to ascertain the value.*