SISE & a. v. ROCKINGHAM COUNTY.

In a written proposal for the sale of two lots of coal, an agreement to sell the first lot at a certain price per ton—"2240 lbs. to the ton"—is evidence of an intention to use the same standard for the second, if a different one is not expressed.

ASSUMPSIT, for coal sold and delivered. Appeal from police court. Facts found by the court. The plaintiffs sent to the county commissioners the following written proposal, which was accepted: "We will furnish the county farm with 400 tons white ash broken coal, on cars, at Epping, N. H.,—2240 lbs. to the ton, at $6.23 per ton. Also 20 tons white ash stove to Portsmouth jail at $5.45 per ton." The controversy is in regard to the coal delivered under this contract at the jail. The plaintiffs delivered there 20 tons of 2,000 lbs. each, for which the commissioners paid the agreed price, reckoning 2,240 lbs. for a ton. The plaintiffs claim a balance that is due if by the contract 2,000 lbs. are a ton.

*C. Page*, for the plaintiffs.

*J. Hatch*, *W. H. Hackett*, and *G. C. Bartlett*, for the defendants.

STANLEY, J. "When any commodity shall be sold by the hundred weight, it shall be understood to mean the net weight of one hundred pounds avoirdupois; and all contracts concerning goods sold by weight shall be construed accordingly, unless otherwise distinctly expressed." G. L., c. 121, s. 14. The weight of a

ton of coal to be delivered by the plaintiffs at Epping was distinctly expressed in their contract to be 2240 lbs., and an understanding that smaller tons were to be delivered at the jail is not proved by competent evidence. If the plaintiffs' undertaking is regarded as including two contracts, the explicit definition of a business term used in the first is a distinct expression of the meaning intended to be attached to it in the second item of the same paper. *Clap* v. *Draper*, 4 Mass. 266; *King* v. *King*, 7 Mass. 496, 499; *Cloyes* v. *Sweetser*, 4 Cush. 403; *Jackson* v. *McKenny*, 3 Wend. 233; *Odiorne* v. *Sargent*, 6 N. H. 401, 403; *Hill* v. *Huntress*, 43 N. H. 480, 483; *White Mts. Railroad* v. *Eastman*, 34 N. H. 124, 139; *Haynes* v. *Tenney*, 45 N. H. 183, 184; *Houghton* v. *Pattee*, 58 N. H. 326; *Crocker* v. *Hill*, 61. N. H. 345.

*Judgment for the defendants.*

DOE, C. J., did not sit: the others concurred.