FRANK FOSTER, by His Next Friend, MAGGIE EUTSLER, Appellant, v. GEO. K. HOBSON, ET AL., Appellees.

**Real property:** FAILURE TO ASSERT OWNERSHIP: ADMISSIONS. In an
1  action to subject the real estate of the wife, conveyed to her by the husband, to the satisfaction of a judgment against the husband, the fact that she sat by when counsel asserted that the husband owned the land and made no objection did not constitute an abandonment of her claims thereto; nor was her silence an admission of the fact stated by counsel, she not being a party to the action.

**Judgment liens:** PRIOR DEED. A judgment creditor is not a pur-
2  chaser within the meaning of the recording act and in the absence of fraud has no lien upon land conveyed by an unrecorded deed prior to his judgment.

**Partition:** EFFECT AS PASSING TITLE. Where the husband conveyed
3  to his wife his interest as heir in his father's estate, the subsequent partition of the land and conveyance to him by the other heirs of his interest in the estate, did not create a new or additional estate in the land.

*Appeal from Polk District Court.*— HON. A. H. McVEY, Judge.

TUESDAY, JUNE 12, 1906.

PLAINTIFF recovered judgment against the defendant, George K. Hobson, and in this action seeks to subject certain real estate to its satisfaction. On hearing the petition was dismissed. The plaintiff appeals.— *Affirmed.*

*Allen & Lingenfelter,* for appellant.

*James Nugent,* for appellees.

LADD, J.— Plaintiff recovered judgment against Geo. K. Hobson for $200 and costs March 25, 1904, and in this action asks that the portion of a forty-five-acre tract of land

occupied by the judgment defendant as a homestead in excess of forty acres allowed by statute, and a proportionate share of a lease for mining of coal, be determined, and that these be subjected to the satisfaction of said judgment. In a cross-petition, Anna B. Hobson, wife of said defendant, claims to own the land. It appears that Allen W. Hobson died intestate November 16, 1892, seised of certain land, and left surviving him a widow and several adult children. One of these, Geo. K. Hobson, on the 23d. day of December following, executed a quitclaim deed to his wife, Anna B. Hobson, of two tracts of land, and also of " all my interest as heir at law in the estate of Allen W. Hobson, recently of said county, now deceased." This was not recorded. The widow, Emma B. Hobson, filed a petition, in which partition of the estate was demanded, December 22d, the day previous to the above conveyance, to which all the heirs were parties. Geo. K. Hobson and Anna B. Hobson first demurred thereto, and subsequently answered, alleging that the parties to the suit had adjusted their differences and had reached an amicable division of the real estate, whereby the widow was to retain a life estate therein, and, among other heirs, " to Geo. K. Hobson, son of the deceased," there is allotted " the west half of the south 60 acres of the E. ½ of the N. W. ¼ of said section 11; also the west half of the north 30 acres of the N. E. ¼ of section 11," and they prayed " that the shares of each and all the parties thereto in said land as accepted under said agreement be established and confirmed and made effectual forever." These allegations were admitted in the reply, and the plaintiff joined in the prayer for relief. Decree was entered accordingly April 17, 1903, and on the same day the other heirs joined in a quitclaim deed to Geo. K. Hobson to the land described, and he and his wife, Anna B. Hobson, joined other heirs in like conveyances of other portions of the estate to other heirs. In October, 1898, Geo. K. and Anna B. Hobson joined in a deed conveying a small piece of this land to a railroad company,

warranting the title to be in him, and in December, 1901, they did likewise in conveying a narrow strip to Mabel A. Connolly. In May, 1903, they jointly leased this and other lands belonging to her for the purposes of mining coal. The manager of the coal company was informed that the title was in Mrs. Hobson, but the check for part of the rent was made to him, though she appears to have obtained the money. She testified to having informed her attorney when the above deeds were made that the title was in her. But in each of the three trials, which resulted in the judgment on which this suit is based, counsel asserted in court, in the presence of both Anna B. and Geo. K. Hobson, that liability (for the injuries inflicted by a dog harbored on the premises) depended upon which one was the owner, and that Geo. K. was such owner, and thereupon Anna B. made no claim to the property.

The suggestion that intervener abandoned her claim to the land is not borne out by the record. She has carefully preserved her deed. At the trials mentioned the claim that

1. REAL PROPERTY failure to as- sert ownership: abandonment: admissions.
her husband owned the land was not an assertion of any claim thereto by or through him, but merely incidental to the determination of the issue as to who was harboring the dog, and for this reason she was not bound to assert her title thereto. Moreover, she was not a party to that action, and the fact that she remained silent when counsel asserted her husband owned the farm cannot be construed as in the nature of an admission by her. *Kelley v. Andrews*, 102 Iowa, 119; *State v. Dexter*, 115 Iowa, 678.

Her testimony that she made known her claim to the property before executing the deeds is undisputed, and the lease to the coal company was made in her name, and,

2. JUDGMENT LIENS: prior deed.
though a check for rent ran to her husband, it was indorsed to her. Nor is the evidence sufficient to warrant a finding that the conveyance to her was for the purpose of defrauding future creditors. See

*Brundage v. Cheneworth,* 101 Iowa, 256. Her husband does not appear to have been in debt at that time, nor when the hearing was had, save to the plaintiff on this judgment, based upon injury that could not have been anticipated. While the deed was withheld from record, this was not because of any understanding between the parties thereto. The record establishes the *bona fide* ownership of the property long prior to the recovery of the judgment against Geo. K. Hobson, and, as a judgment creditor is not a purchaser under the recording act, such judgment did not become a lien on her land.

But appellant contends that by the exchange of quitclaim deeds between the heirs of deceased the judgment defendant acquired a new title subsequent to the execution of the quitclaim deed to his wife. If so, such title did not pass by virtue of her deed, and he became owner of the land, and it should be subjected to the satisfaction of the judgment. *San Francisco v. Lawton,* 18 Cal. 465 (79 Am. Dec. 187); *Frink v. Darst,* 14 Ill. 304 (58 Am. Dec. 575). While a decree of partition was entered at the same time the deeds between the several heirs were exchanged, it is entirely immaterial by which mode partition of the estate among those entitled thereto was effected. In either event the effect was to merely segregate and locate the share of each as a separate parcel of land allotted to him, and to extinguish his interest in portions of the estate allotted to other heirs. The title by which he holds his divided share is the same as that by which his undivided interest in the estate in common was held. The deed of partition destroys the unity of possession, and henceforth each holds his share in severalty; but such deed confers no new title or additional estate in the land. 2 Bl. Com. 186.

3. Partition: effect as passing title.

The conveyance from the other heirs only assigned to Hobson in severalty what was already his. He purchased nothing and parted with nothing. He received no title or estate by virtue of the conveyances from the others, and

parted with none. The title being already in him, the deed merely designated his share by metes and bounds, and allotted it to him to be held in severalty. In short, the title of a tenant in common to the share set apart to him by decree of court in partition proceedings, or through the execution of mutual conveyances by the several tenants, is precisely the same as that by which he held the undivided interest in the entire estate. *Carter v. Day,* 59 Ohio St. 96 (51 N. E. 967, 69 Am. St. Rep. 757); *Harrison v. Ray,* 108 N. C. 215 (12 S. E. 993, 11 L. R. A. 722, 23 Am. St. Rep. 57); *Finley v. Cathcart,* 149 Ind. 470 (48 N. E. 586, 63 Am. St. Rep. 292). So that no new title was acquired by Hobson. The portion set apart to him was his " interest as heir at law in the estate of Allen W. Hobson, recently of said county, now deceased," which he had previously conveyed to his wife, and the partition proceedings did not divest her title or pass a new one to him, but merely established it in the tract in controversy, of which she was then owner.

The decree denying the relief prayed was right, and is *affirmed.*