## PERRY *et al.* v. JONES.

No. 4140.    Opinion Filed June 22, 1915.

(150 Pac. 168.)

COVENANTS—Evidence—Partition—Tenancy in Common—Construction—Covenants of Warranty—Voluntary Partition. On and prior to July 17, 1903, J. and P. and D. were the joint owners of the unsold lots in ten town sites in Oklahoma, the legal title to which was in J., as trustee for himself and P. and D. J. owned an undivided one-half interest therein, and P. and D. owned the other, in equal parts. On July 17, 1903, they made a division of their joint property, by which four of said town sites were set aside to J., as his share of their joint property, and five were set aside to P. and D., as their share of the joint property; one town site being divided equally between J. and P. and D. J. conveyed to P. and D., by general warranty deeds, his interest in the town sites set aside to them. They, in turn, conveyed to him the town sites set aside to him, by quitclaim deeds. The title to one town

site conveyed to P. and D. failed, and they were evicted, by paramount title. J. died, and P. and D. sued his estate for damages for breach of covenants of warranty. **Held:** (a) That the parties did not own said town sites as partners, and that the effect of their transaction was a mere voluntary partition thereof; (b) it was competent to show the real consideration for the deed, notwithstanding the express consideration therein; (c) J. in his deed having expressly warranted the title, and his grantees having been evicted by paramount title, his estate is liable on the covenants of warranty of the deed.

(Syllabus by Dudley, C.)

*Error from District Court, Oklahoma County;*
*W. R. Taylor, Judge.*

Action by E. H. Perry and others against Nettie E. Jones, administratrix of the estate of C. G. Jones, deceased. Judgment for defendant, and plaintiffs bring error. Reversed and remanded.

*Everest, Smith & Campbell,* for plaintiffs in error.

*Wilson & Tomerlin,* for defendant in error.

Opinion by DUDLEY, C. This is an appeal from the district court of Oklahoma county. The parties occupy the same position here that they did in the trial court, and we shall therefore refer to them accordingly.

On and prior to July 17, 1903, the plaintiffs and C. G. Jones, now deceased, were the joint owners of the unsold lots in the following town sites: Wheatland, Mustang, Elgin, Cache, Snyder, Headrick, Olustee, and Eldorado in Oklahoma, and Tuttle and Laverty in Indian Territory. These town sites were located along the Frisco Railroad west of Oklahoma City, and the legal title thereto was in the said C. G. Jones. He only owned, however, an undivided one-half interest therein, and the plaintiffs owned the other undivided one-half interest. Jones merely held title as trustee for himself and the plaintiffs.

On July 17, 1903, the plaintiffs and the said C. G. Jones made a division of their joint property, by the terms of which the town sites of Mustang, Elgin, Headrick, and Eldorado were set aside to Jones as his share of their joint property, and the town sites of Wheatland, Tuttle, Laverty, Cache, and Olustee were set aside to the plaintiffs as their share of the joint property. The town site of Snyder was divided equally between Jones and the plaintiffs. Jones conveyed to the plaintiffs, by general warranty deeds, his undivided interest in the unsold lots in the town sites set aside to them, and the plaintiffs conveyed to Jones, by quitclaim deeds, their undivided interest in the unsold lots in the town sites set aside to him. The parties made separate deeds for the lots in each town site. The warranty deeds executed by Jones are general warranty deeds, with the usual covenants of warranty of title.

The title to the lots in the town site of Cache was based upon a town site deed executed and delivered to Jones by Warren H. Brown, as probate judge. The title to the town site of Elgin was based upon a similar deed. After they made their division of their joint property, as aforesaid, and in October, 1912, the title to the town site of Cache wholly failed, in that the Secretary of the Interior canceled the final certificate upon which the title to said town site rested in Jones, and the title passed from the United States to the trustees of the town site of Cache, as a result of which the plaintiffs were evicted, by paramount title. Prior to the failure of said town site and the eviction of the plaintiffs the said C. G. Jones died, and thereafter Nettie E. Jones was appointed administratrix of his estate, and duly qualified as such. Following this the plaintiffs presented a claim of $5,000 against the estate of said deceased, for damages for breach of the

covenants of warranty in the warranty deed covering said town site of Cache. The claim was disallowed, and following this this action was brought against the estate of said deceased, to recover $5,000 damages for breach of covenants of warranty in said deed.

The issues were joined, and the case tried to the court without a jury, resulting in a judgment in favor of the defendant, from which the plaintiffs have perfected an appeal.

The main question presented is whether or not the Jones estate is liable on the covenants of warranty in the deed covering the unsold lots in the town site of Cache. Counsel for plaintiffs insist that Jones and the plaintiffs were partners in the ownership of these town sites, and that the effect of their transaction was a division and settlement of their partnership interests therein. Upon the other hand, it is insisted by counsel for defendant that the parties owned these town sites jointly, and that the effect of their transaction was a mere voluntary partition thereof. We think the contention of counsel for defendant correct. They were not partners in the ownership of these town sites; they were tenants in common. Either could sell or incumber his interest to a third person without the consent of the other. This is not true as to a partnership. Sections 4432 and 4459, Rev. Laws 1910. In Freeman on Cotenancy and Partition (2d Ed.) section 111, discussing this question, it is said:

"Partnership and tenancy in common also differ from each other in other important particulars. Each cotenant 'buys in, or sells out, or incumbers his interest at pleasure, regardless of the knowledge, or consent, or wishes of his coproprietors, and without affecting the legal relation between them, beyond the going out of one, and the coming

in of another. This cannot be done where a copartnership exists. One cannot buy in or sell out of a partnership at pleasure. Such an act would of itself work a dissolution of the partnership, and necessitate its final settlement and closing out. * * * ' "

Plaintiffs insist that the result of the transaction between Jones and themselves cannot be a voluntary partition, because each separate town site was not partitioned among them in accordance with their respective interests therein. This contention is not sound. It is not necessary in partition, voluntary or judicial, that each separate tract be divided so as to allot each party his interest therein, but the various tracts may be treated as a whole and partitioned accordingly. 21 Amer. & Eng. Ency. of Law (2d Ed.) p. 1135. If plaintiffs' position be correct, two parties who jointly own two adjoining lots could not partition them without dividing each lot. No one would contend that this is correct, but the court or the parties, if the lots were of equal value, could set aside one to the one, and the other to the other, party. This would be, in effect, a legal partition. 30 Cyc. 262.

Having reached the conclusion that the effect of the transaction between the plaintiffs and the deceased Jones was a mere voluntary partition of their joint property, what is the effect of the express covenants of warranty in the deed from Jones? The deed recites a consideration of $10,000. The record, however, shows that no money consideration passed, but that the only consideration was the mutual deeds between the parties. It was competent to show the real consideration, notwithstanding the express consideration in the deed. The various deeds should be read and construed together, in the light of the circumstances attending their execution. 1 Amer. & Eng.

Ency. of Law (2d Ed.) 1136; *Mitchell v. Smith,* 67 Me. 338; *King v. King,* 7 Mass. 496; *Norris v. Hill,* 1 Mich. 202; *Whitsett v. Womack,* 159 Mo. 14, 59 S. W. 961, 81 Am. St. Rep. 339; *Carter v. Day,* 59 Ohio St. 96, 51 N. E. 967, 68 Am. St. Rep. 757; *Rountree v. Denson,* 59 Wis. 522, 18 N. W. 518.

The general rule seems to be that a partition deed does not pass title, but merely adjusts the different rights of the parties to the possession. 21 Amer. & Eng. Ency. of Law (2d Ed.) 1193; 30 Cyc. 166; *Wade v. Deray,* 50 Cal. 376; *Mickels v. Ellsesser,* 149 Ind. 415, 49 N. E. 373; *Foster v. Hobson,* 131 Iowa, 58, 107 N. W. 1101; *Richards v. Stewart,* 185 Mo. 533, 84 S. W. 1181; *Harrison v. Ray,* 108 N. C. 215, 12 S. E. 393, 11 L. R. A. 722, 23 Am. St. Rep. 57; *Cottrel v. Griffiths,* 108 Tenn. 191, 65 S. W. 397, 57 L. R. A. 332, 91 Am. St. Rep. 748.

At common law the right of partition only existed between coparceners, and as between them there was an implied warranty, and if there was an eviction, by paramount title, after partition, the party evicted had a right to have a new partition or an action for contribution against the other for the loss sustained. This was true presumably because the partition was compulsory. Rawle on Covenants for Title (5th Ed.) section 277; Allnat on Partition, 158; Freeman on Contenancy & Partition (2d Ed.) section 409; *Walker v. Hall,* 15 Ohio, 361; *Sawyer v. Cator,* 8 Humph. (Tenn.) 256, 47 Am. Dec. 609; *Weiser v. Weiser,* 5 Watts. (Pa.) 279, 30 Am. Dec 313.

As to joint tenants and tenants in common there was, by common law, no right to partition by writ; between them it had to be voluntary. Rawle on Covenants for Title, *supra.* The right, however, was later given by

statute to joint tenants and tenants in common, by which there might be partition by writ, and as to them, after, the passage of this act, there was an implied warranty where the property was partitioned under the act, but not so if the partition was voluntarily made. *Sawyer v. Cator, supra;* Rawle on Covenants for Title, *supra;* 30 Cyc. 167.

There is a clear distinction between judicial and voluntary partitions, on the question of implied warranty, or warranty in law. If the partition is involuntary or judicial, the weight of authorities is to the effect that there is an implied warranty. There is reason for this, because, if the loss should occur before partition, all the interested parties would bear it equally, and when they are compelled to partition, there is no reason why there should not be an implied warranty that, if the land allotted to one is lost, the others shall contribute pro rata to the loss; but in voluntary partitions it is the act of the parties themselves, and the weight of authorities is that there is no implied warranty, and, in the absence of express warranty, the one evicted must sustain the whole loss. In 21 Amer. & Eng. Ency. of Law (2d Ed.) p. 1195, in discussing this question, it is said:

"On a voluntary partition between cotenants it seems that the right to redistribution or to compensation in value for the actual loss of a tenant afterwards evicted from all or a portion of his purpart by a title paramount to that under which the land was divided will depend wholly upon covenant, and not upon any implied warranty. There is, however, considerable authority to the effect that the law will imply such a right unless the conveyances of the cotenants contain covenants of warranty, in which event the stipulations will control." *Weiser v. Weiser, supra.*

In Jones on the Law of Real Property in Convey-
ancing, vol. 2, section 1953, it is said:

"The rule generally prevailing is that there is no im-
plied warranty of title in voluntary partition deeds, though
an express warranty in such deeds is binding equally
with a covenant of warranty in other conveyances."

See, also, Freeman on Cotenancy & Partition (2d
Ed.) 409-10; *Beardsley v. Knight,* 10 Vt. 185, 33 Am. Dec.
193; *Dawson v. Lawrence,* 13 Ohio, 543, 42 Am. Dec. 210;
*Rountree v. Denson, supra; Weiser v. Weiser, supra;
James et al. v. Adams et al.,* 64 Tex. 193.

We do not determine whether there is an implied
warranty in a voluntary partition. It is not necessary
for us to do so in the instant case, but what we do deter-
mine is that the grantor is liable, upon express warranty
in the deed, in voluntary partition. Jones had the legal
title to this property; he conveyed a portion of it, in-
cluding the town site in controversy, to the plaintiffs, by
general warranty deed. There was a sufficient consid-
eration to support the deed, and we know of no reason
why his estate should not be liable on the covenants of
warranty therein stated. The defendant insists that the
plaintiffs gave quitclaim deeds to Jones, and that, if he
had been evicted by paramount title, there would have
been no remedy against his grantors. This question is
not before us, and, if it ever should be so determined by
this court, it will be the misfortune of the Jones estate,
and not the fault of the law. Jones saw fit to give war-
ranty deeds and to accept quitclaim deeds. This was a
matter between the parties themselves, and the liability
on the express covenants of warranty of Jones is not
affected by the fact that his grantees executed quitclaim
deeds to him. If the title to these town sites had failed

before the division of their joint property, the parties would have borne the loss equally. They all acted in good faith, believing they had good title; in this they were in error, and, in view of the fact that Jones saw fit to warrant the title, there is no reason, in equity or justice, why his estate should not bear its proportionate share of the loss.

The defendant, in her answer and cross-petition, claims that the failure of the title to the Cache town site was due to the negligence and carelessness of the plaintiffs, and that had they used proper diligence and industry the title would not have failed. It is also claimed that the title to one or more of the town sites set aside to the deceased failed, due to no fault of his; that the plaintiffs collected large sums of money from the sale of town lots in the town site of Cache; and that by reason of these facts, and other facts pleaded, the plaintiffs are not entitled to recover. The issues, as joined, are sufficient (and, if not, they should be made so under the directions of the trial court) to definitely determine and adjust the rights between the plaintiffs and the estate of the deceased, growing out of the partition of this joint property.

We think the judgment of the trial court should be reversed and remanded.

By the Court: It is so ordered.