No. 20,916.

F. S. BENNETT, as Guardian of MYRTLE A. BENNETT, an Insane Person, *Appellant,* v. MABEL C. ARROWSMITH and WEBSTER S. BENNETT, *Appellees.*

SYLLABUS BY THE COURT.

JURISDICTION—*Probate Court—Voluntary Partition of Real Estate.* The probate court has authority to approve a voluntary partition of real estate which is just and equal, agreed upon by the guardian of an insane person and his ward's cotenants.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed June 9, 1917.    Reversed.

*Charles A. Apt,* and *Frederick G. Apt,* both of Iola, for the appellant.

The opinion of the court was delivered by

BURCH, J.:    The subject presented by this appeal is the jurisdiction of the probate court to authorize a partition of real estate agreed upon by the guardian of an insane person and his ward's cotenants.

A father deeded real estate to his three minor children. One of them became insane. and a guardian of her estate was duly appointed. The three children became of age, and partition being greatly desired, the agreement was made. The agreement was presented to the probate court, which found that the division was fair and just and equal, and if carried out would be to the benefit of the lunatic's estate. The probate court held, however, that it was without jurisdiction to authorize the partition. On appeal to the district court the judgment of the probate court was approved.

The article of the constitution relating to the judiciary contains the following provision:

"There shall be a probate court in each county, which shall be a court of record, and have such probate jurisdiction and care of estates of deceased persons, minors, and persons of unsound minds, as may be prescribed by law." (Art. 3, § 8.)

In the statute relating to lunatics, imbeciles, and drunkards, the legislature authorized the probate court to appoint a guardian for the estate of a person incapable of managing his estate because of unsoundness of mind, and provided further as follows:

"Every probate court by whom any such person is committed to guardianship may make an order for the support, care and safe-keeping of such person, for the disposition or sale of his personal property as may be found necessary, for the management of his estate, for the support and maintenance of his family and education of his children, out of the proceeds of such estate; to set apart and reserve for the payment of debts; and to let, sell or mortgage any part of such estate, when necessary for the purposes above specified." (Gen. Stat. 1915, § 6107.)

"The probate court shall have full power to control the guardian of any such person in the management of the person and estate and the settlement of his accounts, and may enforce and carry into execution its orders and judgments in the same manner as in cases of administration." (Gen. Stat. 1915, § 6127.)

It is settled law in this state that the probate court is a court of general jurisdiction with respect to the subjects committed to it (*In re Osborn's Estate,* 99 Kan. 227, 161 Pac. 601), and manifestly one of those subjects is management of the estate of a lunatic.

It has been said that cotenancy is an association compelled by interest, but reprobated by every other consideration. (Freeman on Cotenancy and Partition, p. 461, § 393.)  A cotenant may compel partition, and because of this fact, voluntary partition is permissible.  Voluntary partition may be made even by parol, if subsequently acted on.  (*McCullough v. Finley,* 69 Kan. 705, 77 Pac. 696.)  The result accomplished by partition has been described as follows:

"Each of the allottees is deemed to hold the same title which he held before the partition, the undivided interest which he held in the whole tract being by the partition severed from the interests of his cotenants and concentrated in the parcel set apart to him." ( 30 Cyc. 166.)

Consequently partition of land belonging to a person under guardianship is essentially management of his estate, within the meaning of the statute already quoted.

In the case of *Hunt v. Rabitoay,* 125 Mich. 137, partition of land made by the guardian of an incompetent was sustained. The syllabus reads:

"Partition of lands by guardians of infants and incompetents will be sustained, where the partition is fair and equal."   (¶ 4.)

In the opinion it was said:

"We think partition of lands by the guardians of infants and incompetents is fully sustained by the authorities as well as by reason. Either cotenant could compel a partition.  What may be compelled by the law parties should be allowed to accomplish amicably, so long as no advantage is taken and the partition is equal.  Freem. Co-Ten. §§ 414, 415; 2 Co. Litt. §§ 243, 258; *Williard v. Williard,* 56 Pa. St. 119; *Brooks v. Hubble,* (Va.) 27 S. E. 585.  The territorial law then in force authorized the guardian 'to divide the real estate in as full and ample a manner as the idiot, lunatic, *non compos* or distracted person might or could were they restored to the full use of their rational faculties.' 1 Terr. Laws, 377.  Whatever may be the interpretation of this statute, it certainly evidences an intent to repose a broad power in the guardian." (p. 143.)

It will be observed that the decision was based on reason and authority rather than on the territorial statute of doubtful meaning.  The statute of this state evidences an intent to impose a broad power in the guardian, subject to supervision of the probate court.  Should an adversary proceeding be required to effectuate partition, the action provided by the civil code is available.

10—101 Kan.

The judgment of the district court is reversed and the cause is remanded with direction to proceed in accordance with this opinion.