This is an appeal from the district court of Kingfisher county. The admitted facts in this case are substantially these:
Edward Moran died intestate in the year 1902 a resident of Kingfisher county and left three quarter sections of real property in said county. Edward Moran was survived by three heirs, Ada B. Moran, afterwards Ada B. Linch, his widow, John Oscar Moran and Frank Edward Moran, his sons, who at the death of Edward Moran, each inherited an undivided one-third interest in the three quarter sections of land.
After the death of Edward Moran, his widow, Ada B. Moran, married J.W. Linch, and Pauline M. Linch, Elda R. Linch, and Velma Linch were born of said marriage.
Ada B. Linch died testate in 1917. Her estate consisted of an undivided one-third interest in the three quarter sections of land which she had inherited from her former husband, Edward Moran. By the terms of her will, Ada B. Linch devised her undivided one-third interest in said three quarter sections *Page 508 
of land to the following persons in the following proportions, to wit: J.W. Linch, an undivided four-ninths of One-third, or an undivided 4/27 interest; John Oscar Moran, her son, an undivided one-ninth of one-third, or an undivided 1/27 interest therein; to Frank Edward Moran, Pauline M. Linch, Elda R. Linch, and Velma Linch each a 1/27 interest.
The estates of Edward Moran and Ada B. Linch were administered in the county court of Kingfisher county and decrees of distribution as to the three quarter sections of land were by said court entered. In the Edward Moran matter an undivided one-third interest in the three quarter sections of land were distributed to each of his heirs, Ada B. Linch, John Oscar Moran, and Frank Edward Moran. In the Ada B. Linch estate matter, distribution of her undivided interest was made in accordance with the terms of the will.
Thereafter John Oscar Moran instituted a partition suit in the district court of Kingfisher county against the other heirs, and the court in its decree in partition decreed the interests of the parties in the three quarter sections of land to be as follows, to wit:
John Oscar Moran __________________________ 10/27 Frank Edward Moran ________________________ 10/27 J.W. Linch _________________________________ 4/27 Pauline Linch _____________________________ 1/27 Elda R. Linch _____________________________ 1/27 Velma V. Linch ____________________________ 1/27
Partition was accordingly ordered and commissioners were appointed to make division. They thereupon gave one quarter section to John Oscar Moran, one quarter section to Frank Edward Moran, and the other quarter section to the Linches, with the proviso that Linch pay to each of the Morans $200. The commissioners' report was by the court approved and the court set off to the various parties the separate tracts of land.
Frank Edward Moran was awarded by the court in the partition action the following described land: Southwest quarter of section 1, township 15, north, range 6 W. I. M., Kingfisher county; and was the record owner of the same at the time of his death, and it is the land involved in this appeal. At the time of his death, he left surviving him Ruby Beasley (formerly Ruby Moran), his widow, and no children his full brother, John Oscar Moran, and his half brothers and half sisters, the Linch children.
Ruby Beasley was appointed administratrix of the estate of Frank Edward Moran. She secured a deed from John Oscar Moran to her to the above-described quarter section of land; thereafter in her final account and petition for distribution, Ruby Beasley contended that upon the death of her husband, she inherited an undivided one-half interest in and to the said land and that the remaining one-half interest was inherited by the full brother, John Oscar Moran; and that the land was an ancestral estate, and that by reason of her acquiring John Oscar Moran's interest she prayed the court to distribute the entire interest to her.
The petition for distribution was contested by the Linch children, Pauline M., Elda R. and Velma Linch, they claiming to be heirs of Frank Edward Moran, deceased, that the estate was an estate of purchase and that they owned an interest in said realty.
Trial was had in the county court and the issues found in favor of Ruby Beasley and John Oscar Moran. The case on appeal in the district court was decided in favor of the contestants and against Ruby Beasley and John Oscar Moran. After an unsuccessful motion for new trial, plaintiffs below, plaintiffs in error herein, bring this appeal and have in all twelve assignments of error.
The consideration of the second error assigned, to wit, that the trial court erred in holding and decreeing that the partition proceedings in the district court of Kingfisher county in the case styled John Oscar Moran v. Frank Edward Moran et al., changed the character of the interest of Frank Edward Moran in the lands herein involved from an ancestral estate to an estate of purchase, will determine the principal question involved in this cause.
There are only two characters of estate known to our law. An estate is either ancestral or nonancestral; or, as this court says, there are two modes of acquiring title to property, one by descent or inheritance and the other by purchase, or by the act or agreement of the parties. Gray v. Chapman et al.,122 Okla. 130, 243 P. 522. It is admitted by the parties hereto that the undivided one-third interest Frank Edward Moran inherited from his father, Edward Moran in the three quarter section of land, was an ancestral estate before the partition suit.
The defendants in error assume that, although Frank Edward Moran inherited an undivided one-half interest in 480 acres of land from his father, which was in three *Page 509 
separate tracts of 160 acres each, one-third of each tract constituted his ancestral estate; that in the land involved in this case, which is 160 acres, an undivided one-third interest came to him by inheritance from his father, the other two-thirds interest by purchase. This assumption we think is wrong. Frank Edward Moran inherited an undivided one-third interest in 480 acres of land from his father, or 160 acres. After his father's death, his mother, Ada B. Linch, died, and by the terms of her will left Frank Edward Moran a 1/9 of her one-third, or a 1/27 undivided interest in and to the 480 acres left by her husband, Edward Moran.
In the order for partition (C.-M. 45-46) the court found and decreed that as to the 480 acres involved, Frank Edward Moran owned by inheritance from Edward Moran an undivided one-third interest therein, and in addition, Frank Edward Moran owned an undivided 1/27 interest in said lands by inheritance from his mother. Frank Edward Moran then had an undivided one-third plus a 1/27 interest in said lands, or a slightly greater interest than the Linch heirs. This was recognized by the commissioners in partition wherein they gave one farm to Frank Edward Moran, one farm to John Oscar Moran, and the other farm to the Linch heirs, and required Linch to pay each of the Morans $200 to even up their respective interest. (C.-M. 51.)
The defendants contend that the payment of $200 by Linch to Frank Edward Moran constituted a purchase by Frank Edward Moran. With this we cannot agree. Frank Edward Moran acquired nothing by purchase; but, on the other hand, the Linches, through the partition action, acquired his 1/27 interest in the land inherited from his mother and left him 160 acres of land inherited from his father.
Did the partition suit change the ancestral estate to an estate by purchase? We think not. The court in Perry et al. v. Jones, 48 Okla. 362, 150 P. 168, recognized the rule by using this language:
"The general rule seems to be that a partition deed does not pass title, but merely adjusts the different rights of the parties to the possession. 21 Amer. Eng. Ency. of Law (2nd Ed.) 1193; 30 Cyc. 166; Wade v. Deray, 50 Cal. 376; Mickels v. Ellsesser, 149 Ind. 415, 49 N.E. 373: Foster v. Hobson,131 Iowa 58, 107 N.W. 1101; Richards v. Stewart, 185 Mo. 533, 84 S.W. 1181; Harrison v. Ray, 108 N.C. 215, 12 S.E. 993, 11 L. R. A. 722, 23 Am. St. Rep. 57; Cottrell v. Griffiths, 108 Tenn. 191, 65 S.W. 397, 57 L. R. A. 332, 91 Am. St. Rep. 748."
An excellent statement of the rule is found in 57 L. R. A. 339, as follows:
"A partition deed executed by tenants in common, holding by descent, does not change the grantee's title from that of descent to one of purchase, so as to change the course of descent, and on the death of the grantee intestate such of his heirs as are not of the blood of his ancestor are excluded."
The Supreme Court of Kansas in the case of Bennett v. Arrowsmith, 101 Kan. 143, 165 P. 812, said, quoting from the body of the opinion:
"The result accomplished by partition has been described as follows:
" 'Each of the allottees is deemed to hold the same title which he held before the partition, the undivided interest which he held in the whole tract being by the partition severed from the interests of his cotenants and concentrated in the parcel set apart to him.' 30 Cyc. 166."
We therefore conclude that the partition suit did not change the estate of Frank Edward Moran from an ancestral estate to an estate by purchase.
Section 1626, O. S. 1931, provides as follows:
"Inheritance by Kindred of the Half Blood. Kindred of the half blood inherit equally with those of the whole blood in the same degree, unless the inheritance come to the intestate by descent, devise or some gift of some one of his ancestors, in which case all those who are not of the blood of such ancestors must be excluded from such inheritance."
Since defendants in error did not trace their blood relationship to Edward Moran, father of Frank Edward Moran, deceased, they are excluded from claiming any right, title, or interest in and to the estate of Frank Edward Moran, deceased.
This is an ancestral estate. The heirs-at-law are Ruby Beasley, the widow of Frank Edward Moran, who inherited an undivided one-half interest in and to said land, and John Oscar Moran, the full brother, who inherited the other one-half undivided interest. Ruby Beasley procured and had recorded a warranty deed from John Oscar Moran to her for his interest in said land. She now possesses the fee-simple title to all the land herein involved.
In conclusion, the judgment of the trial *Page 510 
court is reversed and the case remanded back to the trial court, with directions to enter judgment therein in accordance with this opinion.
The Supreme Court acknowledges the aid of Attorneys Kenneth Clark. Reuel W. Little, and George E. Rider in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and fact was prepared by Mr. Clark, and approved by Mr. Little and Mr. Rider, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.
McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ. concur.