No. 36,304

A. C. THOMPSON, *Appellee*, v. RACHEL HALL et al., *Appellants*.

(156 P. 2d 530)

Opinion filed March 10, 1945.

*John Q. Sayers,* of Hill City, was on the briefs for the appellants.

*W. L. Sayers* and *W. P. Sayers,* both of Hill City, were on the briefs for the appellee.

The opinion of the court was delivered by

BURCH, J.: This is a quiet-title action in which the parties agree that the only question presented is the following: May a guardian of the estate of a minor, with the consent of the probate court, effect a binding agreement partitioning lands between his ward and the other cotenant? The question obviously involves the jurisdictional authority of the probate court under the present probate code.

The guardian filed in the probate court a petition for partition, setting forth that the ward, Rachel Hall, and the appellee, A. C. Thompson, were cotenants owning undivided one-half interests in two 160-acre tracts of land which were of approximately equal value. Notice, appraisement, hearing, and order followed in the probate

court and no irregularities therein are complained of. After the hearing the court in its order found that the appellee had offered to convey one tract of the land to the ward as her sole property provided her guardian would convey to him sole title to the other tract. The offer also provided for an equitable adjustment of the mortgages against the respective tracts and contained certain reservations of oil and gas interests, which are not material to the appeal. The probate court found that the offer constituted a fair adjustment of the property rights of the respective parties and that its acceptance would be for the best interests of the minor. Conveyances, in compliance with the order of the court, were executed, but the appellee considered that it was advisable to quiet the title to the tract of land conveyed to him, and therefore filed a quiet-title petition in the district court. The appellants filed an answer, in which the allegations of the petition were admitted and also alleged therein that a question and doubt had arisen between the owners of the respective tracts as to the sufficiency of the partition and the actual ownership of the respective tracts and asked that the title to one of the tracts be quieted as prayed for by the appellee and that the title to the other tract be quieted in the ward. The district court appointed a guardian *ad litem*, who properly filed an answer denying every material allegation in the petition which in any way might be prejudicial to the rights of the ward. Upon hearing on these issues the district court found, in substance, that the probate court had proper jurisdiction; that its action should be approved, and entered judgment quieting title to the respective tracts in the respective parties.

It will be noted that G. S. 1935, 60-2101 to 60-2114, inclusive, which pertain to original partition actions in the district court, were not followed. Instead, the district court merely approved the action of the probate court. Apparently, in that court the action was filed as provided by G. S. 1943 Supp., 59-2303, which reads:

"(2) A guardian may file a petition to sell, lease, or mortgage real estate of a ward."

and was based on the authority of G. S. 1943 Supp., 59-1807, which provides:

"A guardian of the estate may . . . sell, lease . . . or mortgage any real estate of a ward . . . whenever it shall be determined by the court that such sale, lease, or mortgage is for the best interests of the ward and his estate."

Nothing is said in either section authorizing the guardian to partition real estate of a ward.

Whether partition is always in the nature of a sale is a question upon which there is a conflict of opinion. In some instances partition results in a sale but partition by act of the parties sometimes operates only to sever the unity of possession. (See 47 C. J. 280-281, and, also, *In re Moran's Estate,* 174 Okla. 507, 51 P. 2d 277, 279.) To the contrary, however, it could be argued that a conveyance by one party of an undivided interest in part of the land in consideration of the conveyance to such party of the other party's undivided interest in another part of the land is, at least, in the nature of a sale. Decision in this case, however, does not necessitate passing upon the question.

Regardless of whether a partition is a sale, it has been established that probate courts, having power to authorize a sale and having general jurisdiction to control the management of the estate of a ward, have by reason of the combination of the two the authority to approve partition in proper instances.

The exact question raised by this appeal was decided under the old probate code in the case of *Bennett v. Arrowsmith,* 101 Kan. 143, 165 Pac. 812. The syllabus thereof reads as follows:

"The probate court has authority to approve a voluntary partition of real estate which is just and equal, agreed upon by the guardian of an insane person and his ward's cotenants."

Appellants contend, however, that since such decision was filed prior to the enactment of the present probate code the decision does not now control, and that if the legislature had intended to permit partition by the probate court, of real estate belonging to minors, some provision would have been made in the present code for such procedure. They also contend, therefore, that the aforesaid sections (G. S. 1935, 60-2101 to 60-2114, incl.) provide the only means of effecting partition of real estate, and that the fact that a minor is interested therein does not change the situation. To the contrary the appellee contends that since the case of *Bennett v. Arrowsmith,* supra, had stood for over twenty years as the unchallenged construction to be placed upon the authority of the probate court in cases of this character, there was no occasion to make additional provision therefor in the present probate code.

Reference to the statute under the old code discloses that when the decision in the case of *Bennett v. Arrowsmith,* supra, was filed, the statute (now G. S. 1935, 39-210) read as follows:

"Every probate court . . . may make an order . . . to let, sell or mortgage any part of such estate, . . ."

It will be noted that also under the old code no specific authority was given authorizing the partition of the estate of a ward.

The opinion in the case of *Bennett v. Arrowsmith*, supra, pointed out, however, that the old probate code also contained the following provision:

"The probate court shall have full power to control the guardian of any such person in the *management of the* person and *estate* . . ." G. S. 1935, 39-230.) (Italics supplied.)

Construing the two sections of the statute together it was held in the cited case as follows:

"Consequently partition of land belonging to a person under guardianship is essentially management of his estate, within the meaning of the statute already quoted." (p. 145.)

Inquiry naturally arises as to whether the present probate code contains any corresponding or similar section authorizing management of a ward's estate. Reference to G. S. 1943 Supp., 59-1804, discloses that it reads as follows:

"A guardian shall . . . subject to the control and direction of the court . . . (5) possess and *manage* the estate, . . . of the ward, or with the approval of the court compromise the same; . . ." (Italics supplied.)

Further reference to provisions of the present code also discloses that G. S. 1943 Supp., 59-301, reads as follows:

"The probate courts . . . shall have original jurisdiction: . . .

"(6) To appoint . . . guardians for minors . . ., to make all necessary orders relating to their estates, to direct and control the official acts of such guardians, and to settle their accounts.

"(12) And they shall have and exercise such equitable powers as may be necessary and proper fully to hear and determine any matter properly before such courts."

It is very evident that the legislature, in adopting the present probate code, did not generally intend to restrict the powers of the probate court incident to the management of the estates of minors. The question of the intention of the legislature in connection with the adoption of the present probate code was ably discussed in the case of *Lockridge v. Glace*, 158 Kan. 431, 147 P. 2d 726. In the cited opinion by Mr. Justice Wedell, the following statement from 1 Bartlett's Probate Law and Practice 82, with respect to the powers of the probate court, was quoted and approved:

" 'The legislature authorized the probate court to appoint a guardian for the estate of a person incapable of managing his estate because of unsoundness

of mind. The probate court has full power to control the guardian of such person in the *management* of the person and *estate* and the settlement of his accounts. The court is a court of general jurisdiction with respect to the subjects committed to it, and manifestly one of those subjects is the *management* of the estate of an insane person. . . . The law evidences an intent to impose a broad power in the guardian, subject to the supervision of the probate court.'" (Italics supplied.) (p. 434.)

By reason of the foregoing the better reasoning leads to the conclusion that, since it may be said that the members of the legislature did not generally intend to restrict the powers of the probate courts —because in fact the legislature in many instances expanded and enlarged the powers thereof—the legislature, knowing that under the provisions of the old code, which specifically provided only the authority to "let, sell or mortgage" and the additional authority to manage the estates of minors, this court had decided that such powers carried with them the right to partition land belonging to a person under guardianship; that the legislature assumed that such a right would follow from language in the present code almost identical in wording and effect, to wit: "sell, lease or mortgage," and that because the present probate code also granted to probate courts the authority to manage such an estate, therefore, it was not necessary to enlarge any further upon the authority given under the present code. If the legislature had been dissatisfied with the law as established by the cited decision of the court, probably it would have expressed itself to such effect by inserting in the present code a provision prohibiting probate courts from exercising jurisdiction in cases of partition of land belonging to a person under guardianship. The decision in the case of *Bennett v. Arrowsmith,* supra, is followed in construing the provisions of the probate code pertaining to the question raised by this appeal.

The judgment of the district court is affirmed.