In re the ESTATE of Sarah Jane MULLEN-
DORE, Deceased.

Patience M. McNULTY, Plaintiff in Error,

v.

James E. BERRY, Executor of the Estate of
Sarah Jane Mullendore, Deceased,
Defendant in Error.

No. 36983.

Supreme Court of Oklahoma.

March 6, 1956.

Rehearing Denied May 2, 1956.

Application for Leave to File Second Peti-
tion for Rehearing Denied June 12, 1956.

McNeill & McNeill, Tulsa, John Levergood, Shawnee, and F. Jerome McNulty, New York City, of counsel, for plaintiff in error.

George C. White, Cushing, Byers & Ledbetter, Cleveland, for defendant in error.

PER CURIAM.

This appeal involves the construction and interpretation of certain portions of the testatrix' will and the distribution of property thereunder. In their briefs the parties identify plaintiff in error, as plaintiff, and defendant in error, as defendant. This opinion will continue such mode of reference to the parties.

The judgment appealed from was entered by the District Court of Pawnee County after trial de novo on appeal from the County Court.

The testatrix, Sarah Jane Mullendore, a widow, was the mother of plaintiff and Bessie M. Johnson (whose interests herein conflict under a specific devise) and another daughter and son, whose interests as bene-ficiaries of the estate are involved under the residuary clause of the will.

The testatrix was one of four children, all of whom inherited an undivided one-fourth interest each in certain real property. It is only testatrix' interest that is involved in this case.

The issues stem from separate portions of testatrix' will providing for disposition of certain of her property. One portion relates to a tract of land in Tulsa County. Its pertinent provisions are:

"I give, devise and bequeath to my daughter, Bessie M. Johnson, the following described real and personal property:

"2. My one-fourth ($\frac{1}{4}$) undivided interest and improvements thereon, in a tract of land located near the City of Tulsa, Tulsa County, Oklahoma, should I own the same at the date of my demise."

The second portion relates to the Youst Hotel in Stillwater and other real estate in Payne and Lincoln Counties. Its provisions are:

"I give, devise and *bequeath* to my daughter, Patience M. McNulty, the following described real and personal property:

"1. All of my one-fourth ($\frac{1}{4}$) undivided interest in and to real estate located in Stillwater, Oklahoma, known as Youst Hotel property, should I own the same at the date of my demise.

"2. All of my rights, title and interest in and to all real estate and improvements thereon which may be owned by me at the date of my demise and located within the County of Payne, State of Oklahoma.

"3. All of my rights, title and interest in and to the Northwest Quarter (NW-$\frac{1}{4}$), Section Twenty-eight (28), Township Sixteen North (16N), Range Five East (5E), Lincoln County, Oklahoma, together with improvements thereon at the time of my demise."

There is also an issue involving the second portion of the will relating to the disposition of an 1273/18,455 interest in what

is identified as the Mullendore Trust, and its property.

We are thus concerned in this appeal with three separate apportionments of property, the distribution of which was made by the District and County Courts under the above quoted parts of the will and the residuary clause thereof which reads as follows:

"I give, devise and bequeath all other property, real, personal and mixed, than that above described or listed, and wherever located, which may be owned by me at the date of my demise, to my children, Bessie M. Johnson, Eugene C. Mullendore, Mildred M. Adams and Patience M. McNulty to share and share alike."

The factual situation relating to each of the three issues will be stated upon consideration of the separate questions pertaining thereto.

At the time testatrix made her will (April, 1941), she owned an undivided one-fourth interest in 120 acres of land near Tulsa. She later (1945) entered into an agreement with her cotenants, all of whom were joint heirs with her (each owning an undivided one-fourth interest by inheritance from their parents) to divide the tract between them. Under this agreement the parties caused an appraisement and division of the whole tract to be made; then each selected his or her portion by lot. This was followed by an exchange of deeds between them. The tract so partitioned to testatrix originally comprised 35 acres. She later exchanged 5 acres of the 35 for two lots in an adjoining platted area. The two lots so acquired were a part of one of the partitioned tracts, but, at the time of exchange, were not owned by the cotenant who drew that particular tract. At the date of testatrix' death, December 28, 1951, she owned the 30 acres so partitioned to her, together with the two lots acquired in the exchange.

Plaintiff alleges error on the part of the trial court in distributing the 30 acres to Bessie M. Johnson under the will's provision devising to her an undivided one-fourth interest in the 120 acres. Neither party complains of the court's action in distributing the two lots under the residuary clause.

We think the factual situation which was agreed upon by the parties with respect to the Tulsa County land presents only the question of whether or not a devise of a testator's undivided interest in a tract of land is adeemed by a subsequent exchange of deeds between the cotenants whereby each became the sole owner of a specified part of said tract.

 The question thus presented is neither new nor novel. We find from an examination of the various decisions and text books that the rule is well established that in situations such as exists here there is no ademption or revocation by voluntary partition. The criterion for ascertaining whether or not revocation of a specific legacy or devise has been effected, is to determine whether such legacy or devise has been extinguished, alienated, or satisfied by the act of the testator with the intention of revoking, and whether some act has been done which interferes with the operation of the will. This court is committed to the general rule that a partition deed does not pass title, but merely adjusts the different rights of the parties to the possession. Perry v. Jones, 48 Okl. 362, 150 P. 168, 169; In re Moran's Estate, 174 Okl. 507, 51 P.2d 277, 103 A.L.R. 227. In the latter case, we stated that the division of property owned in common by inheritance does not ordinarily change the title from one of inheritence to one by purchase. The effect of partition is to concentrate in a particular portion of land, the title to an undivided interest in said land, and in legal effect, said title remains the same. In re Pryor's Estate, 199 Okl. 17, 181 P.2d 979.

Defendant relies on the case of Brady v. Paine, 391 Ill. 596, 63 N.E.2d 721, 162 A.L.R. 138, and the annotations thereto as expressive of the rules applied by the courts generally in situations such as here exist. Under the rule of that case, a devise of testator's undivided interest in a tract of land is not adeemed by a subsequent exchange of deeds between the cotenants, whereby each became the sole owner of a specified part. The rule referred to is supported by reason

and logic. In the case of voluntary partition between cotenants, like we have in this case, each holds title—not under the deed of his cotenant—but under his original title. This was the effect of our previous decisions, above cited. We find no error in the judgment of the trial court in ordering the 30 acre tract distributed to Bessie M. Johnson under the devise of testatrix' interest in the Tulsa County land.

The second portion of the controversy arises out of the provision of the will relating to the hotel and real estate in Payne and Lincoln Counties. Subsequent to the execution of the will, and, as a part of the plan of testatrix and her brothers and sisters to divide their land owned in cotenancy, they secured an appraisement of the Youst Hotel property and other property located in the two counties and sold the various properties to such of the four owners as made satisfactory bids therefor. Testatrix did not purchase any of the properties, and accepted in cash her part of the proceeds of their sale. Her part was $25,550. She deposited this entire amount in a Stillwater bank, in which she had an account. Obviously she then did not own an undivided interest in those properties, as she had, when the will was made. In this connection the question of ademption is again raised. This time, however, it partly arises from statements of testatrix at the time of the sale, as testified to by James E. Berry, the decedent's brother and the estate executor. Testatrix' said statements, as testified to by the witness, and relied upon by plaintiff as forestalling an ademption of the devise of one-fourth to her, were as follows:

" 'I live in Cleveland, and I want Patience to have this interest and for that reason I won't bid or wouldn't bid on any of it, but I will take the money, her part in money, so Patience could have it.' "

The trial court admitted this testimony over objection. However, the court distributed, under the residuary clause, the bank account amounting, at the time of testatrix' death, to some $40,000, holding that the sale constituted an ademption of the devise contained in the will. Plaintiff describes the account, before and after the deposit of the proceeds of the sale, as not being "very active", and argues that this, in connection with the statement attributed to the testatrix, shows an intention of the testatrix to avoid an ademption; that such was not effected by the sale; and that the proceeds should have been distributed to her under the devise of the will giving her one-fourth of the property owned when the will was made.

The bank ledger reflecting the activity of the account was introduced in evidence. From an examination thereof, it appears that the sale proceeds deposited therein were not held separately by the testatrix, but that there was a mixing thereof with other funds. Accordingly, we must hold that the deposit was commingled with testatrix' other funds.

■ In order to accept plaintiff's contention that an ademption was not effected by the sale, it would be necessary to hold that the operative will consisted not only of the written will, which in itself was not ambiguous, but also of testator's oral declarations. Such conclusion would be violative of both the letter and spirit of the statutes of this State which require certain formalities of writing and execution for the disposition of property by will. Under the plain unambiguous provision of the will, the one-fourth interest of testatrix in these properties passed to plaintiff, if testatrix owned such interest at the time of her death. Since, when the death occurred, testatrix had conveyed her interest, nothing, identified in the devise, remained. Plaintiff then took nothing, unless it can be said that the fund representing the proceeds of the sale became a substituted devise or legacy.

■ While we believe the better rule and the weight of authority supports the conclusion that the sale of a devise adeems it without regard to the actual intention of the testator, as is noted in Page on Wills, Vol. 4, sec. 1527, we cannot say from the facts of this case that the competency of the purported statement of the testatrix is material. Inasmuch as the devise in the will failed by the sale of the interest in the property, the oral statement must

have been sufficient if accepted as compe- tent proof, to create a specific or demonstrative devise or legacy. It is obvious that the statement is not a sufficient compliance with the requirements of our statute, 84 O.S.1951 § 1, to constitute a demonstrative legacy. Even if the oral declaration be accepted as constituting a specific legacy, it must fail under the provisions of the above cited statute, as applied to the facts of this case. The judgment of the trial court distributing the testatrix' entire bank account under the residuary clause, renders evident its finding that said claimed legacy was not demonstrative, and that, if it was specific, it failed when the testatrix commingled the sale proceeds with her general assets. We find and hold that the trial court's finding in this respect is fully supported by the evidence. Since, in her lifetime, the testatrix sold the interest previously devised to plaintiff, collected the proceeds of said sale, and commingled them with other funds, nothing remained at her death to which the legacy claimed by plaintiff could attach. Nusly v. Curtiss, 36 Colo. 464, 85 P. 846, 7 L.R.A., N.S., 592; In re McLaughlin's Estate, 97 Cal.App. 481, 275 P. 874. There was no error in the trial court's judgment distributing the bank account under the residuary clause of the will.

We turn now to the third point of controversy. A part of the property owned by testatrix at her death consisted of 1,273 shares in the Mullendore Trust Company. There were 18,455 shares outstanding. The trust had title to certain real estate, oil and gas leases and royalties in Payne County. The trust expired by its own terms prior to the death of testatrix. It is plaintiff's position that the 1273/18455 interest of testatrix should have been distributed to her under the proviso of the will devising to her all testatrix' interests in lands located in Payne County and owned by testatrix on the date of her demise, on the basis of her conclusion that the title to the lands owned by the trust reverted to the shareholders on the date fixed in the trust for its expiration.

From the Declaration of Trust creating the Mullendore Trust Company, incorporated in the record, it appears that the title to all of its property was in said company, and that, upon expiration of the trust, the trustees were to wind up the trust affairs, liquidate its assets, and distribute them to the shareholders according to the number of interests held. Although the trust had expired by its terms, the power and authority to wind up its affairs was still in the trustees. McNeal v. Hauser, 202 Okl. 329, 213 P.2d 559. In this situation, it cannot be said that the title to the property was in testatrix to the extent of her proportionate interest with other share owners and was identifiable as real estate owned by her at the time of her death. The shares were not mentioned in the will as a specific devise to plaintiff, and we find that the trial court's conclusion that testatrix did not intend by her will to devise them to plaintiff, is amply supported by the evidence. There was no error in distributing the shares under the residuary clause of the will.

Affirmed. ∎

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, BLACKBIRD, JACKSON and HUNT, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. Crawford, and approved by Jean R. Reed and James H. Nease, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.